# United States District Court
# for the Southern District of Georgia
# Brunswick Division

R. JOHN GENINS,                    :          CIVIL ACTION

     Plaintiff,                   :

         v.                   :

STATE BAR OF GEORGIA,              :
NORMAN S. FLETCHER,
JUSTICES OF THE GEORGIA            :
SUPREME COURT, et al.,
                                   :
     Defendants.                            NO. CV205-116

### O R D E R

Plaintiff, R. John Genins, brought this action against Defendants, State Bar of Georgia, Norman S. Fletcher and Justices of the Georgia Supreme Court (collectively, "the Justices"), United States District Courts for the Southern and Northern Districts of Georgia, Eleventh Circuit Court of Appeals, Supreme Court of Georgia, and State of Georgia, seeking to void the Supreme Court of Georgia's declaration that he is barred from the practice of law in the State. Presently

AO 72A
(Rev. 8/82)

before the Court is the Justices' motion to dismiss.  For the
following reasons, the motion will be **GRANTED**.

**FACTS**

On March 28, 1994, the Supreme Court of Georgia entered
judgment against Genins, suspending him from the practice of
law for two years.  Pursuant to the judgment, Genins would
stand disbarred until he, <u>inter alia</u>, paid on behalf of his
client the principal sum of $19,478.11, plus 12% interest.  <u>See</u>
<u>In the Matter of R. John Genins</u>, 264 Ga. 90, 442 S.E.2d 733
(1994).

On April 15, 1996, more than two years later, Genins
advised the State Bar of Georgia that he was unable to comply
with the repayment condition.  The Supreme Court of Georgia
entered judgment on that date disbarring Genins from the
practice of law in Georgia.  <u>See</u> <u>In the Matter of R. John</u>
<u>Genins</u>, 266 Ga. 561, 468 S.E.2d 761 (1996).  Genins alleges
that he was subject to disbarment in the defendant federal
courts pursuant to reciprocal disciplinary decrees.

Genins filed this action on June 7, 2005.  He asserts that
his disbarment is void because it was predicated on an illegal
decree, he was deprived of his right to a jury trial, and he

AO 72A
(Rev. 8/82)

was denied access to the records necessary for appeal to the United States Supreme Court.

The Justices have filed the instant motion asserting that the claims against them should be dismissed. Specifically, the Justices argue that Genins' claims have been adjudicated in a competent state court and, thus, are barred by the doctrine of res judicata. The Justices further argue that Genins' claims are barred by the statute of limitations. Finally, the Justices argue that they are entitled to judicial immunity.

## DISCUSSION

### I.  Standard of Review

The Justices are entitled to dismissal of the claim if "[Genins] can prove no set of facts in support of the claim[s] that would entitle [him] to relief." Davita, Inc. v. Nephrology Assocs., P.C., 253 F. Supp. 2d 1370, 1374 (S.D. Ga. 2003). "In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998) (internal quotation marks omitted). Furthermore, the Court should consider only the facts as alleged in the parties' pleadings.

AO 72A
(Rev. 8/82)

Matters outside the pleadings may be considered only if the motion is converted to one for summary judgment. Fed. R. Civ. P. 12(b)(6), (c).


## II.  __Res Judicata__

As a general rule, the doctrine of res judicata, also called claim preclusion, bars parties from relitigating matters that were litigated or could have been litigated in an earlier suit. <u>Montana v. United States</u>, 440 U.S. 147, 153, 99 S.Ct. 970,973, 59 L.Ed.2d 210 (1979); <u>Pleming v. Universal-Rundle Corp.</u>, 142 F.3d 1354, 1356 (11th Cir. 1998); <u>I.A. Durbin, Inc. v. Jefferson Nat'l Bank</u>, 793 F.2d 1541, 1549 (11th Cir. 1986). Under Eleventh Circuit precedent, a claim will be barred by prior litigation if the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. <u>In re Optical Techs., Inc.</u>, 425 F.3d 1294, 1300-01 (11th Cir. 2005); <u>In re Piper Aircraft Corp.</u>, 244 F.3d 1289, 1296 (11th Cir.), <u>cert.</u> <u>denied</u>, 534 U.S. 827, 122 S.Ct. 66, 151 L.Ed.2d 33 (2001).

AO 72A
(Rev. 8/82)

It is unclear from the record that the foregoing requirements are met in the instant case. Genins alleges that the declaration of the Georgia Supreme Court disbarring him from the practice of law in Georgia is void because the court lacked jurisdiction to render the decision, he was deprived of his right to a jury trial, and he was denied access to the records necessary for appeal to the United States Supreme Court. Neither the Georgia Supreme Court proceeding in 1994, nor its disbarment declaration in 1996, addressed these claims. Thus, the doctrine of res judicata does not bar Genins' instant constitutional claims.

## III.    **Statute of Limitations**

Genins has invoked federal jurisdiction under 28 U.S.C. § 1331.[1]  Section 1331 grants original jurisdiction to federal district courts in "all civil actions arising under the Constitution, laws, or treaties of the United States."

---

[1]       Genins further invoked federal jurisdiction under 28 U.S.C. § 1332. It is well established, however, that a state is not a citizen of a state for the purpose of diversity jurisdiction under 28 U.S.C. § 1332.  See Moor v. Alameda County, 411 U.S. 693, 717, 93 S.Ct. 1785, 1800, 36 L.Ed.2d 596 (1973) (citing Postal Tele. Cable Co. v. Ala., 155 U.S. 482, 487, 15 S.Ct. 192, 194, 39 L.Ed. 231 (1894)); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405 (11th Cir. 1999).  Thus, the Court does not have jurisdiction to hear Genins' claims based on diversity.

AO 72A
(Rev. 8/82)

While not specified in the complaint, 42 U.S.C. § 1983 is the proper avenue for Genins to pursue his claims against the Justices for alleged violation of his constitutional rights. The United States Supreme Court has established that section 1983 provides a private cause of action against any person who, acting under color of state law, abridges rights created by the Constitution and laws of the United States. <u>Arrington v. Helms</u>, 438 F.3d 1336, 1342 (11th Cir. 2006) (citing <u>Maine v. Thiboutot</u>, 448 U.S. 1, 4-5, 100 S.Ct. 2502, 2504-05, 65 L.Ed.2d 555 (1980)); <u>see</u> <u>also</u> 42 U.S.C. § 1983.[2] Thus, section 1983 provides a vehicle for private citizens to preserve their federal constitutional or statutory rights from encroachment, by allowing for either monetary damages and/or prospective relief.

Although § 1983 does not contain a specific statute of limitations, the Supreme Court has held that these claims are governed by the state statute of limitations for personal

---

[2]

    42 U.S.C. § 1983 provides, in part:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

injury actions. <u>Moore v. Liberty Nat'l Life Ins. Co.</u>, 267 F.3d 1209, 1216 (11th Cir.), <u>reh'g</u> <u>denied</u>, 29 Fed. Appx. 576 (2001), <u>cert.</u> <u>denied</u>, 535 U.S. 1018, 122 S. Ct. 1608, 152 L.Ed.2d 622 (2002); <u>see</u> <u>also</u> <u>Mullinax v. McElhenney</u>, 817 F.2d 711 (11th Cir. 1987). In Georgia, personal injury actions must be brought within two years. O.C.G.A. § 9-3-33. Thus, Genins' complaint, filed on June 7, 2005, challenging the Georgia Supreme Court's 1996 disbarment declaration, is time barred by section 1983's two year statute of limitations.


IV. **Judicial Immunity**

In enacting section 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 67, 109 S. Ct. 2304, 2310, 105 L. Ed. 2d 45, 58 (1989). "Judges are absolutely immune from civil liability under section 1983 for acts performed in their judicial capacity, provided such acts are not done in the clear absence of all jurisdiction." <u>Couch v. Cobb County Superior Court</u>, 874 F.Supp. 1378, 1381 (N.D. Ga. 1995) (quoting <u>Roland v. Phillips</u>, 19 F.3d 552, 555 (11th Cir. 1994)). The privilege applies even if the judge acts maliciously, fails to follow

7

procedural rules or otherwise acts in error.   <u>Rolleston v.</u>
<u>Eldridge</u>, 848 F.2d 163, 164-65 (11th Cir. 1988); <u>Harris v.</u>
<u>Deveaux</u>, 780 F.2d 911, 914 (11th Cir. 1986); <u>Emory v. Peeler</u>,
756 F.2d 1547, 1553 (11th Cir. 1985).

The judicial branch of government has the inherent power
to regulate the conduct of attorneys and supervise the practice
of law.   The Supreme Court of Georgia has exclusive power to
determine the admission standards for practitioners, the
structural form in which they may practice, and their
discipline, suspension, and disbarment from the practice of law
in this state.   <u>See</u> <u>Henderson v. HSI Financial Servs., Inc.</u>,
266 Ga. 844, 845, 471 S.E.2d 885, 886, n.5 (1996).   Thus, the
Justices were acting in their judicial capacity when disbarring
Genins from the practice of law in Georgia and, therefore, are
entitled to judicial immunity to the extent that Genins seeks
actual damages.


## CONCLUSION

The Court has read and considered the positions of all
parties to this action.   For the reasons set forth above, the

AO 72A
(Rev. 8/82)

motion to dismiss of Fletcher and the Justices of the Georgia Supreme Court of Georgia (Doc. No. 24) is **GRANTED**.

    **SO ORDERED**, this _____24th_____ day of April, 2006.


                        _____

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

9