United States District Court
for the Southern District of Georgia
Brunswick Division

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2006 SEP 18 P 4:04
CLERK
SO. DIST. OF GA.

R. JOHN GENINS,                    :        CIVIL ACTION

    Plaintiff,                    :

    v.                            :

STATE BAR OF GEORGIA,              :

    Defendant.                    :        NO. CV205-116


### O R D E R

Plaintiff, R. John Genins, brought this action against the State Bar of Georgia ("State Bar")[1], seeking to void the Supreme Court of Georgia's declaration that he is barred from the practice of law in the State. Presently before the Court is the State Bar's motion to dismiss. In light of Genins' failure to respond, the motion is deemed unopposed. See Local Rule 7.5 ("Failure to respond shall indicate that there is no

---

[1] In his Complaint, Plaintiff further named Norman S. Fletcher, Justices of the Georgia Supreme Court, United States District Court for the Southern District of Georgia, United States District Court for the Northern District of Georgia, Eleventh Circuit Court of Appeals, Supreme Court of the United States, and State of Georgia as defendants in this action. Plaintiff's claims against these defendants have been dismissed by previous Court order. (See Doc. No. 50 & No. 51.)

AO 72A
(Rev. 8/82)

opposition to a motion.") Nevertheless, the Court, having considered Genins' claims on the merits and finding that Plaintiff has failed to state a claim upon which relief can be granted, will **GRANT** the State Bar's motion

**FACTS**

As a result of Genins' failure to comply with the Supreme Court of Georgia's March 28, 1994, Order, see In the Matter of R. John Genins, 264 Ga. 90, 442 S.E.2d 733 (1994), the court entered judgment on April 15, 1996, disbarring Genins from the practice of law in Georgia, see In the Matter of R. John Genins, 266 Ga. 561, 468 S.E.2d 761 (1996).

Genins filed this action on June 7, 2005. He asserts that his disbarment is void because it was predicated on an illegal decree, he was deprived of his right to a jury trial, and he was denied access to the records necessary for appeal to the United States Supreme Court.

Summons was issued as to the State Bar on June 16, 2005, (Doc. No. 5), and April 17, 2006, (Doc. No. 47). By Order dated October 5, 2005, the Court granted Genins' motion for an extension of time to serve Defendants until November 19, 2005. (Doc. No. 21.) On November 22, 2005, the Court granted Genins'

motion for a second extension of time to serve Defendants until January 3, 2006. (Doc. No. 23.) The Court advised Genins that no further extensions would be granted. (Id.) To date, there is no evidence of record that he has served process on the State Bar.

On January 20, 2006, the State Bar filed a Special Appearance and Answer. (Doc. No. 25.) In its answer, the State Bar asserted, and thus preserved, the following affirmative defenses which form the bases for the instant motion: insufficient service of process, res judicata, subject matter jurisdiction, statute of limitations, judicial immunity, and Eleventh Amendment immunity. (Id.)

The State Bar filed the instant motion on May 24, 2006. (Doc. No. 57.) The Court granted Genins' requests for extensions of time to respond to the State Bar's motion on June 12, 2006, (Doc. No. 59), and July 5, 2006, (Doc. No. 62), extending the deadline to July 18, 2006. Genins' subsequent requests for extensions of time to respond, dated July 18, 2006, (Doc. No. 64), August 14, 2006, (Doc. No. 68), and August 31, 2006, (Doc. No. 72), were denied. (See Doc. No. 66, No. 71, & No. 73.) To date, he has failed to respond to the instant motion.

3

**DISCUSSION**

I. **Standard of Review**

The State Bar is entitled to dismissal of the instant claims if "[Genins] can prove no set of facts in support of the claim[s] that would entitle [him] to relief." Davita, Inc. v. Nephrology Assocs., P.C., 253 F. Supp. 2d 1370, 1374 (S.D. Ga. 2003). "In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998), reh'g & reh'g en banc denied, 189 F.3d 487 (1999) (internal quotation marks omitted). Furthermore, the Court should consider only the facts as alleged in the parties' pleadings. Matters outside the pleadings may be considered only if the motion is converted to one for summary judgment. Fed. R. Civ. P. 12(b)(6), (c).

II. **Insufficient Service of Process**

As an initial matter, the State Bar contends that Genins has failed to perfect service of process. Genins attempted to perfect service by mailing a copy of the complaint and summons to the State Bar's general counsel via United States Postal Service Priority Mail. (See State Bar Ex. 1, McCormack Aff.

¶ 3.)[2] Federal Rule of Civil Procedure 4(c)(2), however, specifically excludes a party from effecting service. See Fed. R. Civ. P. 4(c)(2)[3]. Further, mailing a copy of the complaint is insufficient under Georgia law to perfect service of process. Camp v. Coweta County, 280 Ga. 199, 201, 625 S.E.2d 759, 761 n. 4 (2006). A defendant's actual notice of the lawsuit does not cure defective service. See Lau v. Klinger, 46 F. Supp.2d 1377, 1381 (S.D. Ga. 1999). Thus, Genins has failed to perfect service.

Rule 4(m) provides that a plaintiff has 120 days after filing the complaint to perfect service upon a defendant.[4] The rule permits a district court to exercise discretion either to

---

[2] Courts may determine jurisdictional issues by receiving affidavits, interrogatories, depositions, oral testimony or any combination of recognized methods of discovery. Gen. Elec. Credit Corp. v. Scott's Furniture Warehouse Showroom, Inc., 699 F.Supp. 907, 910 (N.D. Ga. 1988).

[3] Fed. R. Civ. P. 4(c)(2) provides that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age."

[4] Rule 4(m) provides that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

dismiss a complaint that has not been timely served, or to extend the time for service of process. <u>Horenkamp v. Van Winkle & Co., Inc.</u>, 402 F.3d 1129, 1132 (11th Cir. 2005).

Genins has been on notice of his failure to serve the State Bar properly. Genins was on notice as of January 20, 2006, when the State Bar filed its Special Appearance and Answer asserting that sufficiency of process was at issue. Despite the 120 day period provided by Rule 4(m) having expired and the State Bar having raised the issue in both its special appearance and the instant motion to dismiss, Genins has made no attempt to correct the defective service or inquire into the alleged deficiency. As it has now been over a year since Genins first filed his complaint, dismissal without prejudice is appropriate under Rule 4(m).

III.   <u>Res Judicata</u>

As a general rule, the doctrine of res judicata, also called claim preclusion, bars parties from relitigating matters that were litigated or could have been litigated in an earlier suit. <u>In re Atlanta Retail, Inc.</u>, 456 F.3d 1277, 1284 (11th Cir. 2006); <u>Pleming v. Universal-Rundle Corp.</u>, 142 F.3d 1354, 1356 (11th Cir. 1998); <u>McKinnon v. Blue Cross & Blue Shield</u>,

935 F.2d 1187, 1192 (11th Cir. 1991). A claim will be barred by prior litigation if the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. In re Atlanta Retail, Inc., 456 F.3d at 1284-85; Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999), re'g & sugg. reh'g en banc, 207 F.3d 666, cert. denied, 530 U.S. 1223, 120 S.Ct. 2237, 147 L.Ed.2d 265 (2000).

> [I]n general, [] if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [] the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.

In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir.), cert. denied, 534 U.S. 827, 122 S.Ct. 66, 151 L.Ed.2d 33 (2001) (quoting Ragsdale, 193 F.3d at 1239).

From the record, it is clear that the foregoing requirements are met in the instant case. Genins filed an action against the State Bar of Georgia in the United States District Court for the Northern District of Georgia, Rome Division, ("Northern District Court"), in Civil Action Number 4:01-CV-223-RLV, alleging that the State Bar violated his

AO 72A
(Rev. 8/82)

constitutional rights during disciplinary proceedings before the Georgia Supreme Court. (See Def.'s Ex. 2, Compl.) By Order dated April 8, 2002, the Northern District Court, finding that it was barred from reviewing Genins' disbarment by res judicata and the Rooker-Feldman doctrine, granted summary judgment in favor of the State Bar. (See Def.'s Ex. 3 Pg. 2.) Said Order was a final judgment on the merits rendered by a court of competent jurisdiction. See Precise v. City of Rossville, 196 Ga. App. 870, 871, 397 S.E.2d 133, 134 (1990), aff'd, 261 Ga. 210, 403 S.E.2d 47 (1991) (finding order granting summary judgment was a final order). Accordingly, the Court concludes that Genins' cause of action is barred under the doctrine of res judicata by the previous Northern District Court proceeding.

IV. **Subject Matter Jurisdiction**

To the extent that plaintiff seeks to challenge the judgment of the Georgia Supreme Court, the case must be dismissed for lack of jurisdiction under the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983);

AO 72A
(Rev. 8/82)

Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The Rooker-Feldman doctrine provides that

> federal courts, other than the Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001) (citing Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000)). Thus, the Rooker-Feldman doctrine bars not only claims which would involve direct review of a state court decision, but also claims which are "inextricably intertwined" with a state court decision or which seek relief that, if granted, would modify a state court decision. Sassower v. Mangano, 927 F.Supp. 113, 119 (S.D. N.Y. 1996), aff'd, 122 F.3d 1057 (1997), cert. denied, 525 U.S. 872, 119 S.Ct. 170, 142 L.Ed.2d 139 (1998), reh'g denied, 525 U.S. 1035, 119 S.Ct. 582, 142 L.Ed.2d 486 (1998) (citing Feldman, 460 U.S. at 483, 103 S.Ct. at 1316, n. 16; Rooker, 263 U.S. at 416, 44 S.Ct. at 150).

In the instant case, as in Feldman, "it is important to note in the context of this case the strength of the state

interest in regulating the state bar." See Feldman, 460 U.S. at 483, 103 S.Ct. at 1316. In light of the state's strong interest in regulating the state bar,

> [O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court. The rule serves substantial policy interests arising from the historic relationship between state judicial systems and the members of their respective bars, and between the state and federal judicial systems.

Feldman, 460 U.S. at 483, 103 S.Ct. at 1316 (quoting MacKay v. Nesbett, 412 F.2d 846, 846 (9th Cir. 1969)). A plaintiff may not escape the Rooker/Feldman doctrine by bringing his action under 42 U.S.C. § 1983. Kimball v. The Fla. Bar, 632 F.2d 1283, 1284 (5th Cir. 1980).[5] Genins seeks a "Declaration that the Void Declaration of the Georgia Supreme Court and the consequent 'reciprocal' disciplinary decrees are Void . . .." Such relief can only be granted by the United States Supreme Court. Id., 632 F.2d at 1284-85. Thus, the Court finds that all of Genins' claims must be dismissed for lack of subject matter jurisdiction.

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

## V. Statute of Limitations

Genins has invoked federal jurisdiction under 28 U.S.C. § 1331.[6] Section 1331 grants original jurisdiction to federal district courts in "all civil actions arising under the Constitution, laws, or treaties of the United States."

While not specified in the complaint, 42 U.S.C. § 1983 is the proper avenue for Genins to pursue his claims against the State Bar for alleged violation of his constitutional rights. The United States Supreme Court has established that § 1983 provides a private cause of action against any person who, acting under color of state law, abridges rights created by the Constitution and laws of the United States. Arrington v. Helms, 438 F.3d 1336, 1342 (11th Cir.), reh'g & reh'g en banc denied, 179 Fed. Appx. 685 (2006) (citing Maine v. Thiboutot, 448 U.S. 1, 4-5, 100 S.Ct. 2502, 2504-05, 65 L.Ed.2d 555 (1980)); see also 42 U.S.C. § 1983.[7] Thus, section 1983

---

[6] Genins further invoked federal jurisdiction under 28 U.S.C. § 1332. It is well established, however, that a state is not a citizen of a state for the purpose of diversity jurisdiction under 28 U.S.C. § 1332. See Moor v. Alameda County, 411 U.S. 693, 717, 93 S.Ct. 1785, 1800, 36 L.Ed.2d 596 (1973) (citing Postal Tele. Cable Co. v. Ala., 155 U.S. 482, 487, 15 S.Ct. 192, 194, 39 L.Ed. 231 (1894)); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405 (11th Cir. 1999). Thus, the Court does not have jurisdiction to hear Genins' claims based on diversity.

[7] 42 U.S.C. § 1983 provides, in part:

(continued...)

AO 72A (Rev. 8/82)

provides a vehicle for private citizens to preserve their federal constitutional or statutory rights from encroachment, by allowing for either monetary damages and/or prospective relief.

Although § 1983 does not contain a specific statute of limitations, the Supreme Court has held that these claims are governed by the state statute of limitations for personal injury actions. Moore v. Liberty Nat'l Life Ins. Co., 267 F.3d 1209, 1216 (11th Cir.), reh'g denied, 29 Fed. Appx. 576 (2001), cert. denied, 535 U.S. 1018, 122 S. Ct. 1608, 152 L.Ed.2d 622 (2002); see also Mullinax v. McElhenney, 817 F.2d 711 (11th Cir. 1987). In Georgia, personal injury actions must be brought within two years. O.C.G.A. § 9-3-33. Thus, Genins' complaint, filed on June 7, 2005, challenging the Georgia Supreme Court's 1996 disbarment declaration, is time barred by § 1983's two year statute of limitations.

---

(...continued)
  Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

## VI. Judicial Immunity

The doctrine of judicial immunity protects judicial officers from judgments for money damages in civil rights suits against them.[8] Stump v. Sparkman, 435 U.S. 349, 355-56, 98 S.Ct. 1099, 1104-05, 55 L.Ed.2d 331 (1978); Emory v. Peeler, 756 F.2d 1547, 1552-53 (11th Cir. 1985). When a judicial officer acts within his judicial capacity and his conduct does not clearly fall outside his subject matter jurisdiction, he is entitled to absolute judicial immunity. Stump, 435 U.S. at 362, 98 S.Ct. at 1107-08; Emory, 756 F.2d at 1553. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Emory, 756 F.2d at 1553.

State bar disciplinary proceedings are judicial in nature. Feldman, 460 U.S. at 482, 103 S.Ct. at 1314, n. 15. This was clearly a judicial act within the constitutional power of the

---

[8] Judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in his judicial capacity. See Pulliam v. Allen, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984); Slavin v. Curry, 574 F.2d 1256, 1264, modified and reh'g denied, 583 F.2d 779 (5th Cir. 1978). However, the only injunctive relief available to Plaintiff at this time would be to vacate the decision of the Georgia Supreme Court to disbar Genins from the practice of law in Georgia. Such relief is clearly barred by the Rooker/Feldman doctrine.

AO 72A
(Rev. 8/82)

Georgia Supreme Court. See In re UPL Advisory Opinion 2003-2, 277 Ga. 472, 588 S.E.2d 741 (2003) ("It is well established that [the Georgia Supreme Court] has the inherent and exclusive authority to govern the practice of law in Georgia, including jurisdiction over the unlicensed practice of law."); Henderson v. HSI Fin. Servs., Inc., 266 Ga. 844, 845, 471 S.E.2d 885, 886 n. 5 (1996); Carpenter v. State, 250 Ga. 177, 177, 297 S.E.2d 16, 17 (1982). Further, the State Bar of Georgia is an agent of the Supreme Court of Georgia. See O.C.G.A. § 15-19-31; see also Cohran v. State Bar of Ga., 790 F.Supp. 1568, 1575 (N.D. Ga. 1992) ("The Georgia Supreme Court is an arm of the State of Georgia. The State Bar is an arm of the Georgia Supreme Court."). The State Bar was acting in a judicial capacity during the proceedings disbarring Genins from the practice of law in Georgia and, therefore, is entitled to judicial immunity to the extent that Genins seeks actual damages.

VII.    **Eleventh Amendment Immunity**

The Eleventh Amendment[9] insulates the state and state entities from suit brought by individuals in federal court

---

[9] The Eleventh Amendment states: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."

where, as here, there is no consent or waiver. See <u>Manders v. Lee</u>, 338 F.3d 1304, 1308 (11th Cir. 2003), <u>cert. denied</u>, 540 U.S. 1107, 124 S.Ct. 1061, 157 L.Ed.2d 892 (2004); <u>see also</u> <u>Pennhurst State School and Hosp. v. Halderman</u>, 465 U.S. 89, 98-100, 104 S.Ct. 900, 906-08, 79 L.Ed.2d 67 (1984). It is undisputed that the State Bar, as an agent of the Supreme Court of Georgia, is a state entity. See <u>Cohran.</u>, 790 F.Supp. at 1575.

In enacting § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 67, 109 S.Ct. 2304, 2310, 105 L.Ed.2d 45, 58 (1989); <u>Williams v. Bd. of Regents of Univ. Sys. of Ga.</u>, 441 F.3d 1287, 1303 (11th Cir. 2006) (citing <u>Miller v. King</u>, 384 F.3d 1248, 1259-60 (11th Cir. 2004)). A state or state agency "are not 'persons' within the meaning of § 1983" and, thus, are immune from suit. <u>Edwards v. Wallace Cmty. Coll.</u>, 49 F.3d 1517, 1524 (11th Cir. 1995). Thus, Genins' claims against the State Bar are barred by the Eleventh Amendment.

AO 72A
(Rev. 8/82)

**CONCLUSION**

The Court has considered the positions of all parties to this action. For the foregoing reasons, the State Bar's unopposed motion to dismiss (Doc. No. 57) is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this ___18th___ day of September, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)